# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,  )
                    )
          v.        )        ID Nos. 1703012089, etc.
                    )
BRANDON C. DIXON,   )        Cr. A. Nos. IN17-03-1162, etc.
          Defendant. )

Submitted: January 24, 2020
Decided: March 26, 2020

## ORDER

*Upon Defendant, Brandon C. Dixon's, Motion for Postconviction Relief,*
**DENIED**.

This 26th day of March, 2020, upon consideration of the Defendant Brandon C. Dixon's *Pro Se* Motion for Postconviction Relief (D.I. 26),[1] the Commissioner's Report and Recommendation that Dixon's *Pro Se* Motion for Postconviction Relief should be **DENIED**, and the record in this case, it appears to the Court that:

(1)     In May 2017, a grand jury returned a 71-count indictment against Brandon C. Dixon and his co-defendant, Darius Johns, charging them with multiple counts of robbery and related charges stemming from a multitude of offenses against

---

[1]     Because there are multiple Uniform Case Numbers assigned to this matter, the Court, for simplicity sake, uses only the docket entry assignments made in Case Number 1703012089.

-1-

various businesses and their employees that occurred in January, February, and March of 2017.[2]

(2)     On September 28, 2017, Dixon pleaded guilty to five of those 71 charges.[3] His sentencing occurred a few months later, after the State filed a habitual criminal petition[4] and a presentence investigative report was completed. Dixon was sentenced to an aggregate of 37 years of incarceration, suspended after serving 25 years (per the provisions of 11 *Del. C.* § 4214(c)),[5] for decreasing levels of quasi-incarceration and probation.[6]

---

[2]     Indictment, *State v. Brandon C. Dixon (and Darius Johns)*, ID Nos. 1703012089, etc. (Del. Super. Ct. May 30, 2017) (D.I. 4).

[3]     Plea Agreement and TIS Guilty Plea Form, *State v. Brandon C. Dixon*, ID Nos. 1703012089, etc. (Del. Super. Ct. Sept. 28, 2017) (D.I. 14). In that same agreement, Mr. Dixon also admitted to violating a probated term he was then serving from a prior

[4]     D.I. 16 and 18.

[5]     DEL. CODE ANN. tit. 11, § 4214(c) (2016) (providing that one who has been thrice previously convicted of a felony – when at least one of those prior felonies was a Title 11 violent felony – and who is then convicted of another Title 11 violent felony, is declared a habitual criminal and must receive a minimum sentence of the statutory maximum penalty provided elsewhere in Title 11 for the triggering felony (or felonies) which form the basis of the habitual criminal petition); DEL. CODE ANN. tit. 11, §§ 1447A(a) & 4205(b)(2) (2016) (statutory maximum penalty provided elsewhere in Title 11 for possession of a firearm during the commission of a felony is 25 years at Level V).

[6]     Sentencing Order, *State v. Brandon C. Dixon*, ID Nos. 1703012089, etc. (Del. Super. Ct. Feb. 16, 2017) (D.I. 19).

(3)     Dixon filed no direct appeal from his convictions or sentence. But in 2018 he did file both an unsuccessful *pro se* application for sentence reduction[7] and an unsuccessful *pro se* application to withdraw his guilty plea.[8]

(4)     Dixon then filed a timely *pro se* Motion for Postconviction Relief under Superior Court Criminal Rule 61.[9]

(5)     After expansion of the record and the State's response, that motion was referred to Superior Court Commissioner Lynne M. Parker in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

(6)     The Commissioner docketed her Report and Recommendation on January 10, 2020.[10] The Commissioner recommended that Dixon's Motion for Postconviction Relief be denied.[11]

---

[7]     D.I. 22 and 23.

[8]     D.I. 24 and 25.

[9]     D.I. 15. He also requested appointment of postconviction counsel. D.I. 27. Applying as it must the provisions of Criminal Rule 61(e)(2) which govern such requests, the Court denied Mr. Dixon's motion for appointment of counsel.

[10]     D.I. 37.

[11]     *State v. Dixon,* 2020 WL 218421 (Del. Super. Ct. Jan. 10, 2020).

(7) "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[12] Dixon filed his objections[13] but the State filed no response thereto.[14]

(8) Dixon's objections are conclusory statements, comprised of only general assertions that he believes his arguments have merit, that the Commissioner ought to have recommended relief, or that he desires further review.[15] One filing objections to a Commissioner's proposed findings of fact and recommendations must "set forth with particularity the basis for the objections."[16] Dixon failed to do so here. The Court, therefore, need not and will not sort out and individually address his several vague objections.[17]

---

[12] Super. Ct. Crim. R. 62(a)(5)(ii).

[13] D.I. 38.

[14] *See* Super. Ct. Crim. R. 62(a)(5)(ii) (a party may file a written response to any written objections filed under this rule).

[15] D.I. 38, at 1-2 ("The defendant feels that his ineffective assistance claim is accurate. . . . Defendant has claims that should be further looked at by the higher courts and not pushed aside. . . . Defendant would like to challenge Commissioner Parker's decision on his motion denial.").

[16] Super. Ct. Crim. R. 62(a)(5)(ii).

[17] Super. Ct. Crim. R. 62(b) ("A party . . . appealing the findings of fact and recommendations of a Commissioner . . . who fails to comply with the provisions of this rule may be subject to dismissal of said . . . appeal.").

(9)    The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[18] After a thorough review of the record in this case, the Court finds there is no constitutional or legal basis to doubt the validity of Dixon's conviction; his guilty plea was knowing, voluntary, and intelligent—this includes his specific knowledge of the habitual criminal sentencing consequence he faced. Nor is there a doubt that Dixon's counsel was wholly effective when evaluating his case for potential suppression issues and forgoing litigation of issues that counsel had no good faith basis to believe had merit. And Dixon has demonstrated no deficiency in the GPS warrant that was issued during the investigation of his crime spree. The record also demonstrates counsels' effectiveness when negotiating a plea resolution and assisting Dixon while entering his guilty plea. In short, it plainly appears from the motion and the record of prior proceedings that Dixon is not entitled to postconviction relief.

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of January 10, 2020, Dixon's Motion for Postconviction Relief is **DENIED**.

**SO ORDERED this 26th day of March, 2020.**

**Paul R. Wallace, Judge**

---

[18]    *Id.* at 62(a)(5)(iv).

Original to Prothonotary

cc:    Hon. Lynne M. Parker
       James K. McCloskey, Deputy Attorney General
       Raymond D. Armstrong, Esquire
       David C. Skoranski, Esquire
       Brandon C. Dixon, *pro se*